## In re JOHN BAIN CO.

(District Court, W. D. Pennsylvania. January 13, 1925.)

No. 10189.

Bankruptcy ⬡⟲368—Grounds held insufficient for reducing compensation of trustee.

Mere delay in accounting by a trustee, which was also receiver, where not willful but excusable under the circumstances, does not justify reduction of its claim for compensation which is reasonable and allowable under the law.

In Bankruptcy. In the matter of the John Bain Company, bankrupt. On review of order of referee fixing commission of trustee. Reversed.

Alexander S. Mabon, of Pittsburgh, Pa., for bankrupt.

J. M. Redden and Allan Davis, both of Pittsburgh, Pa., for trustee.

GIBSON, District Judge. The accountant, the Pennsylvania Trust Company, was appointed receiver of the bankrupt while the property of the latter was in the hands of a receiver appointed by the state court. At the same time, it was authorized to operate the business of the bankrupt, which consisted of two jewelry stores situated in different parts of the city of Pittsburgh. Aft-

er operating these stores for a considerable period, they were sold, the accountant having, in the meantime, been elected trustee. Upon the first account, the claim for compensation on the part of accountant was not finally determined, and, upon filing its final account, compensation to the extent of $383.-92 was claimed by it for its services as receiver and trustee. No exceptions were filed, but the referee, of his own motion, disallowed this claim and allowed accountant $199.06 compensation as receiver and for operating, and $61.32 as trustee; whereupon accountant had the matter certified to this court for review.

A review of the record in this matter leads us to the belief that the order of the referee in reducing the compensation of accountant should be reversed. The referee's chief reason for the disallowance of accountant's full claim was the delay of accountant in filing its account. There was unquestionably a greater delay than is ordinarily permissible. In the instant matter, however, the initial cause for it was the delay in the filing and confirmation of the account of the state court receiver. The delay which followed the filing of the first account was occasioned in large part by the confusion incident to a complete reconstruction of the accountant's banking rooms and trust department. Under the circumstances, there seems to have been no willful delay; and, so far as appears, no step was taken by any creditor to secure the filing of the account. As the situation presents itself to us, we are of opinion that the action of the referee was not demanded by the circumstances.

Being of this opinion, the only other matter for consideration is the amount claimed by the accountant. As stated before, the accountant operated two jewelry stores separated by a considerable distance, for at least a month. In addition to these services, it had some little difficulty in securing an accounting on the part of the state receiver. Prior to the sale of the stores, it had to observe considerable care in the preservation of the assets. The compensation claimed by it was not in excess of the amount allowed by the bankruptcy law, and is certainly not more than sufficient to adequately compensate it for the annoyances mentioned and the services rendered.

In our judgment, the order of the referee in striking out a part of the credit claimed by the accountant as commissions must be set aside.

### Order sur Trustee's Commission.

And now, to wit, January 13, 1925, the exceptions of the Pennsylvania Trust Company to the order of the referee reducing the amount of commissions as receiver and trustee claimed by the accountant having come on to be heard, after argument thereof, it is hereby ordered, adjudged, and decreed that the order of the said referee, amending the account of the said Pennsylvania Trust Company by striking therefrom the items of credit claimed "Receiver's commission, * * * and compensation for operating $383.92," and substituting therefor in his schedule of distribution an allowance of $199.06 as receiver's commission and compensation for operating, and $61.-33 as the trustee's compensation, be reversed, vacated, and set aside, and the sum of $383.92 be, and the same hereby is, fixed as accountant's compensation for services as receiver and trustee in above-entitled bankrupt estate.